UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PAUL CHRISTINE and PAUL MCCARTHY,
individually and on behalf of all others similarly situated,

      Plaintiffs,

                -v-                          Case No.

BOOKS-A-MILLION, INC. and
BOOKSAMILLION.COM, INC.,

      Defendants.

--------------------------------------------------------X

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Paul Christine and Paul McCarthy, individually, and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorneys, bring this action against Books-A-Million, Inc. and Booksamillion.com, Inc. (collectively "BAM" or "Defendants") and make the following allegations based on their personal knowledge, the investigation of their counsel, and upon information and belief.

## NATURE OF THE ACTION

1.      Plaintiffs purchased DVDs from Defendants through the website booksamillion.com which unlawfully retains information which identifies Plaintiffs as having requested or obtained specific video materials or services from Defendants, in violation of the New York Video Consumer Privacy Act, codified as New York General Business Law §670-675 (the "NYVCPA").

2.      Defendant Books-A-Million, Inc. offers videos for sale through its website, booksamillion.com.

3.      Every video sale from Defendants' website is recorded as a sale and identifies the individual that made the purchase.

4.    Defendants maintain records for consumers using the website, such as their names, email addresses, phone numbers, payment information, and billing addresses.

5.    Defendants also keep a record of consumers' video purchase histories, which identifies every video purchased by consumers on booksamillion.com.

6.    Together, these items of information collected and retained by Defendants are "personally identifiable information" as defined by the NYVCPA because they identify a person as having requested or obtained specific video materials or services from a video tape seller.

7.    Thus, Defendants maintain a digital record on thousands of consumers throughout New York, which includes information which identifies them as having requested or obtained specific video materials or services from Defendants.

8.    Defendants maintain these digital records in violation of New York law, which requires video tape sellers, like Defendants, to "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected[.]" GBL §674(5).

9.    Defendants store consumers' personally identifiable information, as defined by GBL §672(3), in violation of the protections established by the New York legislature. Defendants do not destroy personally identifiable information as soon as practicable. Defendants do not even destroy personally identifiable information within one year from the date the information is no longer necessary for the purpose for which it was collected.  Indeed, on information and belief, Defendants store personally identifiable information, including video purchase history, indefinitely. Thus, Defendants have knowingly retained the personally identifiable information of thousands of New York consumers, in violation of New York law.

10.    Plaintiffs bring this action on behalf of themselves and a class of all New York residents whose personally identifiable information and sensitive video purchase histories were retained by Defendants in violation of the NYVCPA.

## THE PARTIES

11.    Plaintiff Paul Christine resides in New York, New York.

12.     Plaintiff Christine purchased a DVD over a year ago through Defendants' website, resulting in Defendants' collection and retention of Plaintiff Christine's personally identifiable information, as defined by GBL §672(3).

13.     Plaintiff Paul McCarthy resides in Buffalo, New York.

14.     Plaintiff McCarthy purchased a DVD over a year ago through Defendants' website, resulting in Defendants' collection and retention of Plaintiff McCarthy's personally identifiable information, as defined by GBL §672(3).

15.     Defendant Books-A-Million, Inc. is a Delaware corporation with its principal place of business in Birmingham, AL.

16.     Defendant booksamillion.com is an Alabama corporation with its principal place of business in Birmingham, AL.

17.     Defendant Books-A-Million, Inc. is a retail chain with 260 stores in 32 states and the District of Columbia. Part of its business includes operation of the website booksamillion.com, which offers its goods for sale through online transactions.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action with thousands of class members where the aggregate claims of all members of the proposed class exceed $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from Defendants.

19.     This Court has personal jurisdiction over each Defendant because each Defendant is registered to do business in this state, does business within this state, delivers goods to customers situated within this state, and collects and stores personally identifiable information belonging to citizens of this State in violation of Plaintiffs' and the class's rights.

20.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events giving rise to the claim occurred in this district, when Plaintiffs purchased the videos from Defendants from this district and when Defendants collected Plaintiff's personally identifiable information from this district.

**BACKGROUND**

*The Video Privacy Protection Act*

21.    In 1988, Congress enacted the Video Privacy Protection Act ("VPPA"), codified as 18 U.S.C. § 2710, after the Supreme Court Justice Nominee Robert H. Bork's video records were released to the public.  Congress enacted the VPPA to preserve Americans' right to privacy in their video purchase histories.

22.    The VPPA prohibits a video tape service provider from knowingly disclosing to another person "personally identifiable information concerning any consumer of such provider." 18 U.S.C. §2710(b)(1).

23.    The VPPA defines personally identifiable information as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. §2710(a)(3).

24.    Additionally, the VPPA requires that any video tape service provider "subject to this section shall destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected.…" 18 U.S.C. §2710(d).  The VPPA does not provide a private right of action for failing to destroy records in the manner required by law.

*New York GBL § 670-675*

25.    After passage of the VPPA, many states, including New York, enacted their own laws protecting the video purchase histories of citizens of their states. (GBL §670-675).

26.    New York defines "personally identifiable information" as "information which identifies a person as having requested or obtained specific video materials or services from a …video tape seller." GBL § 672(3).

27.    Like the VPPA, New York included a requirement that video tape service providers and video tape sellers destroy personally identifiable information as soon as practicable.

28.     Specifically, the NYVCPA requires video tape service providers and sellers to "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected…." GBL §674(5).

29.     New York provides for a private right of action for each violation of the NYVCPA to enforce the destruction of video purchase records and provides that "any consumer who prevails or substantially prevails in an action brought under this section shall receive not less than five hundred dollars in damages, regardless of the amount of actual damages proved…."  GBL § 675.

*Defendants Violate the NYVCPA*

30.     Defendants make videos available for purchase from booksamillion.com.

31.     To purchase a video through the website, a consumer may create an account with booksamillion.com, which requires the consumer to submit personal information such as name, email address, billing address, and payment information.

32.     Even consumers that purchase a video without creating an account must still provide personal information, such as name, email address, billing address, and payment information, when checking out via the website.

33.     When the consumer selects the option to purchase the video, the credit card on file will be charged and Defendants will deliver the video to the address provided by the customer.

34.     Defendants keep a record of each transaction, which includes information identifying the video purchased, the individual who made the purchase, and the individuals' contact and billing information.

35.     Thus, Defendants create and keep a record of personally identifiable information as defined by the NYVCPA.

36.     Despite the fact that a video purchase transaction is completed once the video is delivered to a consumer, Defendants do not destroy the personally identifiable information.

37.    Defendants retain the personally identifiable information for every video a consumer purchases.

38.    For purchases, once the transaction is complete, Defendants' purpose for collecting the personally identifiable information is satisfied, yet it retains the information indefinitely.

## PLAINTIFF'S EXPERIENCE

39.    Plaintiff Paul Christine used Defendants' website to purchase videos.

40.    Plaintiff Christine used his personal computer to purchase videos from Defendants.

41.    Plaintiff Christine used the computer from his residence in New York City, New York, which had an IP address reflecting a geolocation of New York City, New York.

42.    Plaintiff Christine supplied his New York City mailing address to Defendants when purchasing videos.

43.    Plaintiff Christine further supplied his New York City, New York billing address to Defendants when purchasing videos.

44.    Defendants packaged and mailed his videos to Plaintiff at his mailing address in New York City, NY.

45.    Plaintiff Christine first purchased a video from Defendants in 2021.

46.    In connection with Plaintiff's purchases, Defendants collected his name, account information, address, and credit card information.

47.    Defendants stored and continue to store Plaintiff Christine's personally identifiable information, as defined by GBL §672(3), in violation of the protections established by the New York legislature. Defendants did not destroy Plaintiff Christine's personally identifiable information as soon as practicable. Defendants did not even destroy Plaintiff Christine's personally identifiable information within one year from the date the information was no longer necessary for the purpose for which it was collected as required by GBL § 674(5).

Indeed, on information and belief, Defendants' policy and intention is to store Plaintiff Christine's personally identifiable information indefinitely.

48.    Plaintiff Paul McCarthy used Defendants' website to purchase videos.

49.    Plaintiff McCarthy used his personal computer to purchase videos from Defendants.

50.    Plaintiff McCarthy used the computer from his residence in Buffalo, New York, which had an IP address reflecting a geolocation of Buffalo, New York.

51.    Plaintiff McCarthy supplied his Buffalo mailing address to Defendants when purchasing videos.

52.    Plaintiff McCarthy further supplied his Buffalo, New York billing address to Defendants when purchasing videos.

53.    Defendants packaged and mailed his videos to Plaintiff at his mailing address in Buffalo, NY.

54.    Plaintiff McCarthy first purchased a video from Defendants in 2021.

55.    In connection with Plaintiff's purchases, Defendants collected his name, account information, address, and credit card information.

56.    Defendants stored and continue to store Plaintiff McCarthy's personally identifiable information, as defined by GBL §672(3), in violation of the protections established by the New York legislature. Defendants did not destroy Plaintiff McCarthy's personally identifiable information, as defined by GBL §672(3), as soon as practicable. Defendants did not even destroy Plaintiff McCarthy's personally identifiable information within one year from the date the information was no longer necessary for the purpose for which it was collected as required by GBL § 674(5).  Indeed, on information and belief, Defendants' policy and intention is to store Plaintiff McCarthy's personally identifiable information indefinitely.

## CLASS ALLEGATIONS

57.    Plaintiffs seek to represent the following class of individuals:

All New York consumers who purchased videos from Defendants.

58.    **Numerosity**: The Class is so numerous that joinder of individual members herein is impracticable.   The exact number of Class members, as herein identified and described, is not known, but Plaintiffs estimate there are thousands of consumers in the Class.

59.    **Commonality**.   Common questions of law and fact exist for the causes of action and predominate over questions affecting only individual Class members, including the following:

a.   Whether Defendants made videos available to purchase on its website;

b.   Whether Defendants retained records of personally identifiable information, as defined by GBL §672(3), for the Class members for longer than necessary for the purpose for which it was collected;

c.   Whether personally identifiable information is stored by Defendants from both online and in-store purchases;

d.   Whether Class members are entitled to statutory damages for the aforementioned violations;

e.   Whether Class members are entitled to declaratory relief; and

f.   Whether Class members are entitled to injunctive relief.

60.    **Typicality**.   Plaintiffs' claims are typical of the claims of members of the proposed Classes because, among other things, Plaintiffs and members of the Classes sustained similar injuries as a result of Defendants uniform wrongful conduct and their legal claims arise from the same events and wrongful conduct by Defendants.

61.    **Adequacy**.   Plaintiffs will fairly and adequately protect the interests of the proposed Class.  Plaintiffs' interests do not conflict with the interests of the Class members and Plaintiffs have retained counsel experienced in complex class action and data privacy litigation to prosecute this case on behalf of the Class.

62.    **Predominance and Superiority**.  Plaintiffs satisfy the requirements of Rule 23(a) as well as the requirements for maintaining a class under Rule 23(b)(3).  Common questions of

law and fact predominate over any questions affecting only individual Class members, and a class action is superior to individual litigation and all other available methods for the fair and efficient adjudication of this controversy.  The amount of damages available to individual plaintiffs is insufficient to make litigation addressing Defendants' conduct economically feasible in the absence of the class action procedure.  Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense presented by the complex legal and factual issues of the case to all parties and the court system.  By contrast, the class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

63.    **Injunctive Relief**.  Plaintiffs also satisfy the requirements for maintaining a class under Rule 23(b)(2).  Defendants acted on grounds that apply generally to the proposed Classes, making final declaratory or injunctive relief appropriate with respect to the proposed Classes as a whole.

## CLAIM FOR RELIEF

### Violation of New York General Business Law § 670-675

64.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs as if fully set forth herein.

65.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendants.

66.    Plaintiffs are "consumer[s]" because they are "purchaser[s]…of goods or services from a video tape seller." GBL § 672(1).

67.    Defendants are "video tape seller[s]" because they are "engaged in the business of selling prerecorded video cassette tapes or similar audiovisual materials…." GBL § 672(5).

68.    A video tape seller must "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected …." GBL. § 674(5).

69.    "Personally identifiable information" is "information which identifies a person as having requested or obtained specific video materials or services from a …video tape seller." GBL § 672(3).

70.    Defendants collect personally identifiable information from consumers in order to obtain payment from them and to provide them with the video selected by them for purchase.

71.    Defendants complete the transaction upon delivering the video to the purchaser, and thereby satisfy the purpose for collecting personally identifiable information upon delivery.

72.    However, Defendants have not and do not destroy the personally identifiable information as soon as practicable after the information is no longer necessary for the purpose for which it was collected in violation of GBL § 674(5).

73.    Defendants retained Plaintiffs' personally identifiable information for much longer than necessary to satisfy Defendant's purpose in selling the video.

74.    For each video purchased, Defendants have stored and continue to store the personally identifiable information, as defined by GBL §672(3), of Plaintiffs and members of the proposed Class in violation of the protections established by the New York legislature. Defendants did not destroy the personally identifiable information of Plaintiffs and members of the proposed Class as soon as practicable. Defendants did not even destroy the personally identifiable information of Plaintiffs and members of the proposed Class within one year from the date the information was no longer necessary for the purpose for which it was collected. Indeed, on information and belief, Defendants' policy and intention is to store the personally identifiable information of Plaintiffs' and members of the proposed Class indefinitely.

75.    In accordance with GBL § 675, Plaintiffs and members of the proposed Class have been injured for violations of GBL § 674(5) and seek declaratory and injunctive relief, as well as damages of not less than $500 per violation, regardless of the actual amount of damages proved, plus costs, disbursements, and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court:

    a.  Certify this case as a class action, appoint Plaintiffs as Class representatives, and appoint Plaintiffs' counsel to represent the Class;

    b.  Find that Defendants' actions, as described herein, constitute violations of GBL § 674(5);

    c.  Enter a declaratory judgment that Defendants violated GBL § 674(5) by failing to destroy Plaintiffs' and the proposed class members' personally identifiable information as soon as practicable after the information is no longer necessary for the purpose for which it was collected;

    d.  Enter an order permanently enjoining Defendants from retaining personally identifiable information, as defined by GBL §672(3), of their consumers in violation of the NYVCPA;

    e.  Award Plaintiffs and Class members appropriate relief, including statutory damages of not less than $500 per violation (each purchase where Defendants retained personally identifiable information beyond the expiration of the purpose for which it was collected);

    f.  Award equitable, injunctive, and declaratory relief as may be appropriate;

    g.  Award all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action; and

    h.  Grant such other legal and equitable relief as the Court may deem appropriate.

Dated: January 19, 2023                    Respectfully submitted,

                                        */s/ Samuel R. Jackson*
                                        Samuel R. Jackson (SBN 5332325)
                                        Joseph Henry (Hank) Bates, III (*pro hac vice* forthcoming)
                                        Courtney E. Ross (*pro hac vice* forthcoming)
                                        CARNEY BATES & PULLIAM, PLLC
                                        519 W. 7th Street

Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
sjackson@cbplaw.com
hbates@cbplaw.com
cross@cbplaw.com

*Attorneys for Plaintiffs*